## RYLAND v. BATES.

1. In a suit by the assignee against the assignor of paper not mercantile, it is necessary to aver in the declaration that suit was brought against the maker to the first Court after the maturity of the note to which suit could be brought, or an excuse for not bringing it.

ERROR to the County Court of Mobile.

Assumpsit by defendant in error against plaintiff in error, as indorser of a promissory note for thirty-six hundred dollars, executed by McRae and Laing to the plaintiff in error, and by him indorsed to the defendant in error.

Ryland v. Bates.

The first count of the declaration does not charge that suit was brought against the maker of the note to the first Court to which it could be brought after the maturity of the note, or aver any excuse for not bringing suit, but charges that when the note became due it was presented to the maker for payment, and that notice of the non-payment was given to the indorser. To this count there was a demurrer which the Court overruled.

The judgment of the Court on the demurrer is now assigned for error.

CAMPBELL, for plaintiff in error.

JOHN GAYLE, contra, to maintain the judgment of the Court below, insisted that the statute which required the maker of a note to be sued to the first Court after the maturity of the note and a return by the sheriff of "no property," in order to charge the indorser, did not operate on the contract, but on the parties to it. It conferred certain privileges on defendants and imposed certain duties on plaintiffs, as conditions to be complied with before the Court could be called on to enforce the contract. That it was analagous, to the statute of frauds and limitations, which did not change the contracts on which they operated, but were matters of defence.

This he insisted was the character of this statute, and that the omission to sue the maker, as the statute required, was matter of defence. He cited 1 Chitty Pl.256, 332 ; Minor,251; 1 Stewart, 51.

ORMOND, J.—The statute by which this question must be decided, makes all contracts assignable, and gives to the assignee the right to sue in his own name, "provided suit be brought to the first Court of the county where the maker resides, to which suit can be brought, and if he shall fail to sue the maker to the first Court as herein provided for, the indorser shall be discharged from liability unless suit shall be delayed by his consent." [Aik. Dig. 330.]

The previous section of this law had declared that bills of exchange, foreign and inland, and promissory notes payable in bank, should be governed by the rules of the law merchant,

and we think it cannot admit of a serious doubt, that the contract of an indorser of mercantile paper, or that of an assignor of paper not mercantile, is conditional, and that to establish his liability, the condition must be shown to have been performed. The liability of an assignor of paper not mercantile, is not an absolute one, to be defeated if the assignee does not bring suit against the maker as required by the statute, but is dependent on the performance, by the assignee, of the conditton.

The bringing suit as required by the statute, where no excuse exists for the omission, is a condition precedent to the right of the assignee to recover, and must therefore be averred in the declaration.

We are unable to perceive the difference between the case of an assignor under the statute, and that of an endorser under the law merchant, as it respects this question, and it would be quite as proper to permit a recovery against the latter where there was no averment of demand and notice, as against the former, when no suit was averred to have been brought, or excuse offered for not bringing it.

Let the judgment be reversed and the cause remanded.